IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**BRIAN MICHAEL WATERMAN,**

        **Plaintiff,**

    **v.**                                              CASE NO. 19-3237-SAC

**JACOB CONARD, et al.,**

        **Defendants.**


## MEMORANDUM AND ORDER TO SHOW CAUSE

This matter is a civil rights action filed under 42 U.S.C. § 1983 by a prisoner in pretrial detention. Plaintiff proceeds pro se and seeks leave to proceed in forma pauperis.

**The motion to proceed in forma pauperis**

This motion is governed by 28 U.S.C. § 1915(b). Because plaintiff is a prisoner, he must pay the full filing fee in installment payments taken from his prison trust account when he "brings a civil action or files an appeal in forma pauperis[.]" § 1915(b)(1). Pursuant to § 1915(b)(1), the court must assess, and collect when funds exist, an initial partial filing fee calculated upon the greater of (1) the average monthly deposit in his account or (2) the average monthly balance in the account for the six-month period preceding the filing of the complaint. Thereafter, the plaintiff must make monthly payments of twenty percent of the preceding month's income in his institutional account. § 1915(b)(2). However, a prisoner shall not be prohibited from bringing a civil action or appeal because he has no means to pay the initial partial filing fee. § 1915(b)(4).

In support of his motion, plaintiff submits a one page, hand-written affidavit that appears to identify deposits to his

institutional account (Doc. 3, Attach., p. 1). However, the in forma pauperis statute requires a prisoner to "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint… obtained from the appropriate official of each prison at the which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Because plaintiff has not submitted a certified financial statement, as required by the governing statute, the Court will direct him to provide that information.

## Nature of the Complaint

The complaint primarily concerns the processing of materials in plaintiff's state criminal action. Plaintiff names as defendants Jacob Conard, the prosecutor; Forrest Lowry, his former defense counsel; LaDell Turley, the court reporter; Hope Brittain, a legal assistant to the prosecutor; and Michelle Tippie, the administrator of the Cherokee County Jail. In Count 1, plaintiff alleges he was denied access to the courts by alterations to the court transcripts. In Count 2, he asserts the prosecution seized a case file without a search warrant when defendant Lowry turned over his case file to defendants Conard and Brittain after being released from the case, allowing the prosecution access to confidential information. In Count 3, he challenges the denial of access to his legal work following his placement in segregation in the Cherokee County Jail.

## Discussion

In large part, this matter is nearly identical to Case No 19-3093-SAC, *Waterman v. Conard, et al*. In that case, the Court explained to plaintiff that abstention under *Younger v. Harris*, 401 U.S. 37, 43 (1971), is appropriate pending the resolution of his

pending state criminal action and in the absence of any extraordinary circumstances that would warrant the Court's interference in that matter. The Court subsequently dismissed that matter without prejudice upon plaintiff's motion.

In conducting an initial review of plaintiff's present complaint, the Court has reviewed on-line records maintained by the state district courts and has confirmed that the criminal proceedings against plaintiff remain pending. Therefore, for the same reasons that were set out in Case No. 19-3093, the Court advises plaintiff that it must abstain from any substantive consideration of his claims against participants in those proceedings until that matter is resolved. The Court will allow plaintiff an opportunity to respond to this finding.

Next, plaintiff presents a related claim challenging the denial of access to his legal materials due to his placement in segregation at the jail. To proceed on this claim, plaintiff must show "actual injury" to demonstrate a violation of the right to access the courts by showing that this deprivation prejudiced him in pursuing litigation. *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996). A prisoner may make the showing of actual injury by showing that the action by the defendants "hindered his efforts to pursue" a non-frivolous legal claim. *Lewis v. Casey*, 518 U.S. 343, 351-53 (1996). *See also Burnett v. Jones*, 437 F. App'x 736, 744 (10th Cir. 2011)("To state a claim for violation of the constitutional right to access the courts, a prisoner 'must demonstrate actual injury … -- that is, that the prisoner was frustrated or impeded in his efforts to pursue a nonfrivolous legal claim concerning his conviction or his conditions of confinement.'")(quoting *Gee v. Pacheco*, 627 F.3d 1178,

1191 (10th Cir. 2010)).

**Order to Show Cause**

Accordingly, the Court directs plaintiff (1) to show cause why the Court should not abstain and stay action in this matter on his claims concerning the participants in his state criminal action pending the completion of that matter and (2) to demonstrate actual injury from his inability to access his legal materials due to his placement in segregation.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including **January 27, 2020,** to submit a certified statement showing the financial transactions in his institutional account in the six months preceding the filing of this complaint.

IT IS FURTHER ORDERED plaintiff is granted to and including **January 27, 2020,** to respond to the order to show cause.

IT IS FURTHER ORDERED plaintiff's motion for orders (Doc. 4) is denied.

**IT IS SO ORDERED.**

DATED: This 14th day of January, 2020, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge