**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**


**BRIAN MICHAEL WATERMAN**,

                **Plaintiff**,

     **v.**                                      **CASE NO. 19-3237-SAC**

**JACOB CONARD, et al.**,

                **Defendants**.


**MEMORANDUM AND ORDER**

This matter is a civil rights action filed under 42 U.S.C. § 1983. Plaintiff, a pretrial detainee, proceeds pro se and seeks leave to proceed in forma pauperis. Plaintiff has submitted certified financial records as directed, and the Court has calculated an initial partial filing fee of $11.50 under 28 U.S.C. § 1915(b)(1). Plaintiff will be directed to submit that fee, and future payments will be calculated by his custodian under 28 U.S.C. § 1915(b)(2) and collected until plaintiff has paid the $350.00 filing fee.

On January 14, 2020, the Court entered a Memorandum and Order to Show Cause (MOSC) directing plaintiff to show cause why the Court should not abstain from action in this matter under *Younger v. Harris*, 401 U.S. 37 (1971)[1], in light of pending state criminal proceedings. The Court also directed plaintiff to demonstrate actual injury from his inability to access his legal materials during his placement in segregation. Plaintiff has filed a response and a motion to amend the complaint (Doc. 6), a motion for federal jurisdiction (Doc. 8), a motion for writ of mandamus (Doc. 12), and a motion for judicial review

---

[1] The *Younger* abstention doctrine generally prevents a federal court from interfering in ongoing state criminal actions.

(Doc. 14). The Court addresses these in turn.

## The motion to amend the complaint

Plaintiff's motion to amend the complaint seeks to add defendants and claims. A plaintiff is entitled to amend the complaint once as a matter of course. *See* Fed. R. Civ. P. 15(a)(1)(a party has the right to amend the complaint once as a matter of course if the amendment is timely filed). *See also* D. Kan. R. 15.1(a)(2)(party filing a motion to amend must attach the proposed pleading).

Plaintiff's amended complaint must be submitted upon court-approved forms. In order to add claims or significant factual allegations, or to change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not an addendum or supplement to the original complaint but completely supersedes it. Therefore, any claims or allegations not presented in the amended complaint are no longer before the Court. Plaintiff may not simply refer to an earlier pleading; instead, the complaint must contain all allegations and claims that plaintiff intends to present in the action, including those to be retained from the original complaint. Plaintiff must include the case number of this action on the first page of the amended complaint.

Plaintiff must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff must refer to each defendant in the body of the complaint and must assert specific facts that the describe the alleged unconstitutional acts or omissions by each defendant, including dates, locations, and circumstances.

Plaintiff also must comply with Rules 20 and 18 of the Federal Rules of Civil Procedure in filing an amended complaint. Rule 20 governs permissive joinder of parties and provides, in relevant part:

>   (2) Defendants. Persons…may be joined in one action as defendants if:
>
>   (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
>   (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

Rule 18(a) governs joinder of claims and provides, in part: "A party asserting a claim … may join ... as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). While joinder is encouraged to promote judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." *Zhu v. Countrywide Realty Co., Inc.*, 160 F.Supp. 2d 1210, 1225 (D.Kan. 2001)(citation omitted). *See also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)(Under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.").

Requiring adherence to the federal rules on joinder of parties and claims in prisoner suits prevents "the sort of morass [a multiple claim, multiple defendant] suit produce[s]." *Id*. It also prevents a prisoner from avoiding the fee obligations and the three-strike provision of the Prison Litigation Reform Act. *Id*. (Rule 18(a) ensures "that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or

appeals that any prisoner may file without prepayment of the required fees.").

Accordingly, under Rule 18(a), a plaintiff may bring multiple claims against a single defendant. Under Rule 20(a)(2), he may join in one action any other defendants who were involved in the same transaction or occurrence and as to whom there is a common issue of law or fact. He may not bring multiple claims against multiple defendants unless the nexus required in Rule 20(a)(2) is demonstrated with respect to all defendants named in the action.

The Federal Rules authorize the court, on its own initiative at any stage of the litigation, to drop any party and sever any claim. Fed. R. Civ. P. 21; *Nasious v. City & Cnty. Of Denver Sheriff's Dept.*, 415 F. App'x 877, 881 (10th Cir. 2011)(to remedy misjoinder, the court has two options: (1) misjoined parties may be dropped or (2) any claims against misjoined parties may be severed and proceeded with separately).

In any amended complaint, plaintiff must set forth the transactions or occurrences which he intends to pursue in accordance with Rules 18 and 20 and must limit the facts and allegations to properly-joined parties and events. Plaintiff must allege facts in his complaint showing that all counts arise out of the same transaction, occurrence, or series of transactions; and he must allege that a question of law or fact common to all named defendants will arise in the action.

Plaintiff must submit an amended complaint that (1) raises only

properly joined claims and defendants; (2) alleges sufficient facts to state a claim of a federal constitutional violation and states a federal cause of action; (3) alleges sufficient facts to show personal participation by each defendant; and (4) does not repeat allegations that were adjudicated in another action.

If plaintiff fails to submit an amended complaint consistent with these directions, the Court will decide this matter upon the current complaint.

### The motion for federal jurisdiction

Plaintiff's motion for federal jurisdiction asks the Court to find that exceptional circumstances exist and to exercise jurisdiction over his claims concerning his pending state criminal charges. As noted, the Court previously entered an order directing plaintiff to show cause why the Court should not abstain from considering his claims under *Younger v. Harris*. The *Younger* abstention doctrine is based upon "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982).

The Court has studied the plaintiff's filings but finds no extraordinary circumstances that would allow him to proceed. The fact that the state district court has rejected his claims raised in pretrial proceedings does not suggest that the state courts do not provide an adequate forum. The motion will be denied.

### The motion for writ of mandamus

Plaintiff next moves for a writ of mandamus, citing K.S.A. 60-801, to compel the Kansas Disciplinary Administrator to investigate the Cherokee County District Attorney's Office and two private attorneys who previously represented plaintiff.

The federal courts have mandamus jurisdiction under 28 U.S.C. § 1361 "to compel an officer or employee of the United States or any agency therefore to perform a duty owed to the plaintiff." Because plaintiff's request for mandamus relief against the state disciplinary administrator does not allege any duty by a federal officer or employee, his request must be denied for lack of jurisdiction. *See Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011)(denying a request for mandamus relief against state court judges for lack of jurisdiction).

### The motion for judicial review

Plaintiff's motion for judicial review presents a number of claims. First, he seeks action on his complaint. As explained in this order, he has not presented any extraordinary circumstances that warrant this court's interference in his pending state criminal action. However, plaintiff is granted the opportunity to amend his complaint, and, if he chooses to do so, the Court will examine the amended complaint. Plaintiff also expresses frustration with his defense attorneys, complaining he has not had an attorney visit and that his attorneys have failed to subpoena certain materials.

Plaintiff's dissatisfaction with his defense counsel does not provide grounds for relief in an action under 42 U.S.C. § 1983. A

plaintiff proceeding under § 1983 must allege that the defendant acted under color of state law. See *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). Neither a public defender nor retained counsel acts under color of state law in representing a criminal defendant. *See Polk County v. Dodson*, 454 U.S. 312, 315 (1981)(public defender is not a proper defendant in an action under § 1983) and *Vermont v. Brillon*, 556 U.S. 81, 91 (2009)(applying the same rule to retained counsel). *See also Dunn v. Harper County*, 520 Fed. Appx. 723, 725-26, 2013 WL 1363797 at *2 (10th Cir. Apr. 5, 2013) ("[I]t is well established that neither private attorneys nor public defenders act under color of state law for purposes of § 1983 when performing traditional functions as counsel to a criminal defendant." (citations omitted)).

Finally, plaintiff broadly describes jail conditions that he believes are unreasonably harsh. However, plaintiff has not identified a defendant as personally responsible for these conditions and does not provide any statement for how long these conditions have been imposed or what harm he suffered. Therefore, at present, these assertions do not state a claim for relief.

The attachments to the motion are a partial report from an investigator, an admission assessment form with notations concerning incisions, a letter to plaintiff from the Commission on Judicial Qualifications, and an inmate jail and visitor log from the Cherokee County Jail. None of these materials appears to provide grounds for a claim, and the Court denies the motion for judicial review, except

to the extent review has been granted by this order.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including **October 22, 2020,** to submit the initial partial filing fee of $11.50 to the clerk of the court.

IT IS FURTHER ORDERED plaintiff's motion to amend the complaint (Doc. 6) is granted. Plaintiff is granted to and including **October 22, 2020,** to submit an amended complaint that complies with the directions given in this order. The clerk of the court shall transmit a form pleading to plaintiff with this order.

IT IS FURTHER ORDERED plaintiff's motion for federal jurisdiction (Doc. 8) is denied.

IT IS FURTHER ORDERED plaintiff's motion for a writ of mandamus (Doc. 12) is denied.

IT IS FURTHER ORDERED plaintiff's motion for judicial review (Doc. 14) is denied.

**IT IS SO ORDERED**.

DATED:  This 22nd day of September, 2020, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge