**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**BRIAN MICHAEL WATERMAN,**

**v.**                                                       **CASE NO. 19-3237-SAC**

**JACOB CONARD, et al.,**


**Defendants.**


**MEMORANDUM AND ORDER**

This matter is a civil rights action under 42 U.S.C. § 1983. Plaintiff is a pretrial detainee held at the Cherokee County Jail. Several motions filed by the plaintiff are pending before the court:

Doc. 3 - motion for leave to proceed in forma pauperis;

Doc. 17 - motion for leave to amend and supplement pleadings;

Doc. 24 - motion for writ of mandamus;

Doc. 25 - motion for writ of mandamus;

Doc. 26 - motion to recuse Cherokee County prosecutors;

Doc. 27 - motion to move plaintiff from Cherokee County Jail;

Doc. 28 - motion for ruling on pending motions;

Doc. 29 - motion to preserve constitutional violations;

Doc. 30 - motion to amend and supplement ongoing constitutional violations;

Doc. 32 - motion to fix sabotaged complaint;

Doc. 33 - motion to amend and supplement ongoing constitutional violation re: amended complaint;

Doc. 36 – motion to be housed with Cherokee County detainees and not be harassed;

Doc. 37 – motion to amend.

The court will address these motions and has grouped similar motions together for consideration.

**The motion to proceed in forma pauperis (Doc. 3)**

Plaintiff filed the motion to proceed in forma pauperis on December 2, 2019. On January 14, 2020, the court ordered him to submit a certified financial statement, a requirement of 28 U.S.C. § 1915(b)(1). On January 29, 2020, he submitted this material as an attachment to his response to an order to show cause. On September 22, 2020, the court assessed an initial partial filing fee of $11.50. Plaintiff submitted that payment on October 22, 2020. The motion to proceed in forma pauperis is granted, and the court will order that payments continue under 28 U.S.C. § 1915(b)(2) until he satisfies the $350.00 filing fee.

**The motion for leave to amend and supplement pleadings (Doc. 17); the motion to amend and supplement ongoing constitutional violations (Doc. 30); the motion to amend and supplement ongoing constitutional violation (Doc. 33); and the motion to amend (Doc. 37)**

In these motions, the plaintiff moves to amend the complaint to add defendants and claims. The court has examined the requests and will allow plaintiff to present an amended complaint that includes all properly joined claims.

Plaintiff's amended complaint must be submitted upon court-approved forms. In order to add claims or significant factual allegations, or to change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not an addendum or supplement to the original complaint but completely supersedes it. Therefore, any claims or allegations not presented in the amended complaint are no longer before the court. Plaintiff may not simply refer to an earlier pleading; instead, the complaint must contain all allegations and claims that plaintiff intends to present in the action, including those to be retained from the original complaint. Plaintiff must include the case number of this action on the first page of the amended complaint.

Plaintiff must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff must refer to each defendant in the body of the complaint and must allege specific facts that the describe the allegedly unconstitutional acts or omissions by each defendant, including dates, locations, and circumstances.

Plaintiff also must comply with Rules 20 and 18 of the Federal Rules of Civil Procedure in filing an amended complaint. Rule 20 governs permissive joinder of parties and provides, in relevant part:

> (2) Defendants. Persons…may be joined in one action as defendants if:

> (A) any right to relief is asserted against them

jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

Rule 18(a) governs joinder of claims and provides, in part: "A party asserting a claim … may join ... as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). While joinder is encouraged to promote judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." *Zhu v. Countrywide Realty Co., Inc.*, 160 F.Supp. 2d 1210, 1225 (D.Kan. 2001)(citation omitted). *See also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)(Under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.").

Requiring adherence to the federal rules on joinder of parties and claims in prisoner suits prevents "the sort of morass [a multiple claim, multiple defendant] suit produce[s]."). *Id*. It also prevents a prisoner from avoiding the fee obligations and the three-strike provision of the Prison Litigation Reform Act. *Id*. (Rule 18(a) ensures "that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.").

Accordingly, under Rule 18(a), a plaintiff may bring multiple

claims against a single defendant. Under Rule 20(a)(2), he may join in one action any other defendants who were involved in the same transaction or occurrence and as to whom there is a common issue of law or fact. He may not bring multiple claims against multiple defendants unless the nexus required in Rule 20(a)(2) is demonstrated with respect to all defendants named in the action.

The Federal Rules authorize the court, on its own initiative at any stage of the litigation, to drop any party and sever any claim. Fed. R. Civ. P. 21; *Nasious v. City & Cnty. of Denver Sheriff's Dept.*, 415 F. App'x 877, 881 (10th Cir. 2011)(to remedy misjoinder, the court has two options: (1) misjoined parties may be dropped or (2) any claims against misjoined parties may be severed and proceeded with separately).

In his amended complaint, plaintiff must set forth the transactions or occurrences which he intends to pursue in accordance with Rules 18 and 20 and must limit the facts and allegations to properly-joined parties and events. Plaintiff must allege facts in his complaint showing that all counts arise out of the same transaction, occurrence, or series of transactions; and that a question of law or fact common to all named defendants will arise in the action.

**The motions for writ of mandamus (Docs. 24 and 25).**

In these motions, plaintiff renews his request for a court order compelling the Kansas Disciplinary Administrator to investigate the Cherokee County District Attorney's Office and private attorneys who

previously represented plaintiff.

As the court previously explained, the federal courts have mandamus jurisdiction under 28 U.S.C. § 1361 "to compel an officer or employee of the United States or any agency therefore to perform a duty owed to the plaintiff." Plaintiff's motions, in contrast, seek relief against state actors and attorneys in private practice. Accordingly, these motions must be denied for lack of jurisdiction. *See Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011)(denying a request for mandamus relief against state court judges for lack of jurisdiction).

**The motion to recuse Cherokee County prosecutors (Doc. 26)**

Plaintiff seeks the removal of two Cherokee County prosecutors, alleging they have both a financial interest and a "very personal interest" in his criminal case. This court does not have supervisory authority over the state court proceedings in which the prosecutors are participating. Therefore, this motion will be denied. Plaintiff must present this motion to the state court judge presiding in the criminal action.

**The motion to move plaintiff from the Cherokee County Jail (Doc. 27)**

Plaintiff seeks a transfer to another facility, citing concerns for his health and safety. Plaintiff has no constitutional right to dictate where he is housed, whether it is which facility or which classification within a facility. *See Schell v. Evans*, 550 F. App'x 553, 557 (10th Cir. 2013) (citing *Meachum v. Fano*, 427 U.S. 215, 228–29 (1976); *Cardoso v. Calbone*, 490 F.3d 1194, 1197–98 (10th Cir. 2007).

Plaintiff's request for a transfer is denied.

**The motion for ruling on pending motions (Doc. 28)**

Plaintiff's motion for ruling on his pending motions is moot due to the rulings contained in this order and will be denied on that basis.

**The motion to preserve constitutional violations (Doc. 29)**

Plaintiff's intent in this motion is not clear. The court will deny the motion without prejudice.

**The motion to fix sabotaged complaint (Doc. 32)**

Plaintiff appears to claim that three pages of his amended complaint were not submitted to the court due to tampering at the facility. As noted, he will be given an opportunity to submit a complete, amended complaint. Therefore, his request concerning an earlier complaint is moot and will be denied.

**The motion to be housed with Cherokee County detainees and not be harassed (Doc. 36)**

Plaintiff moves to be housed in a housing unit with detainees from Cherokee County, as opposed to being housed in a pod with detainees from Sedgwick County. Plaintiff alleges that he is housed in D-Pod with Sedgwick County inmates and it is not safe because there are no blinds on the windows and he is housed with gang members.

Based on the nature of the relief sought, the court construes this as a
motion for preliminary injunction. A preliminary injunction may be granted where the moving party shows: (1) a substantial likelihood

of success on the merits; (2) he will suffer irreparable harm in the absence of an injunction; (3) his threatened injury outweighs the harm a preliminary injunction may cause the opposing party; and (4) the injunction would not be adverse to the public interest. *Beltronics USA, Inc. v. Midwest Inventory Distrib.*, *LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009). There must be a relationship between the injury claimed in the motion and the conduct asserted in the complaint. *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010). Courts are cautioned against granting mandatory preliminary injunctions—those requiring affirmative action by the nonmoving party—as they are "an unusual form of relief and one that must not be granted without heightened consideration" of the four factors. *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009).

Plaintiff's claims in this motion are unrelated to his claims in the underlying case and cannot serve as proper grounds for granting a preliminary injunction. And, even after considering the substance of plaintiff's allegations, the court finds he has failed to plead any facts showing irreparable harm in the absence of an injunction. *Awad v. Ziriax*, 670 F.3d 1111, 1131 (10th Cir. 2012) (holding harm is "irreparable" when monetary relief after a full trial would be inadequate). Thus, plaintiff's motion is denied.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 3) is granted. Collection action shall continue under 28 U.S.C. § 1915(b)(2) until plaintiff satisfies the $350.00 filing fee.

IT IS FURTHER ORDERED plaintiff's motion for leave to amend and supplement pleadings (Doc. 17), motion to amend and supplement ongoing constitutional violations (Doc. 30), motion to amend and supplement ongoing constitutional violations re: amended complaint (Doc. 33); and motion to amend and supplement complaint (Doc. 37) are granted.

IT IS FURTHER ORDERED plaintiff's motions for writ of mandamus (Docs. 24 and 25) are denied.

IT IS FURTHER ORDERED plaintiff's motion to recuse Cherokee County prosecutors (Doc. 26) is denied.

IT IS FURTHER ORDERED plaintiff's motion to transfer him from the Cherokee County Jail (Doc. 27) is denied.

IT IS FURTHER ORDEED plaintiff's motion for ruling on pending motions (Doc. 28) is denied as moot.

IT IS FURTHER ORDERED plaintiff's motion to preserve constitutional violations (Doc. 29) is denied without prejudice.

IT IS FURTHER ORDERED plaintiff's motion to fix sabotaged complaint (Doc. 32) is denied.

IT IS FURTHER ORDERED plaintiff's motion to be housed with Cherokee County detainees and not be harassed (Doc. 36) is denied.

IT IS FURTHER ORDERED plaintiff is granted to and including **September 17, 2021,** to provide a final amended complaint. The amended complaint must be submitted on a form pleading and must comply with the directions of the court contained in this order. The clerk of the court shall transmit a form pleading to plaintiff with this order.

**IT IS SO ORDERED.**

DATED:   This 29th day of July, 2021, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge