IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**BRIAN MICHAEL WATERMAN,**

               **Plaintiff,**

     v.                                        CASE NO. 19-3237-SAC

**JACOB CONARD, et al.,**

               **Defendants.**

## MEMORANDUM AND ORDER

This matter is a civil rights action filed under 42 U.S.C. § 1983. Plaintiff commenced this action while in pretrial confinement. He proceeds pro se and in forma pauperis. On December 9, 2021, the court granted plaintiff's motion to stay this matter pending his transfer to the custody of the Kansas Department of Corrections. Plaintiff is now in that custody. The court therefore lifts the stay and will examine the merits of this action.

The court's previous order also directed plaintiff to show cause why certain defendants named in his second amended complaint should not be dismissed from this action. Plaintiff filed a timely response. The court has examined the record and enters the following findings and order.

### Background

In its order to show cause, the court identified the defendants and summarized plaintiff's claims in the second amended complaint as follows:

> The second amended complaint presents eight claims for relief and names 17 defendants: (1) Jacob Conard, a prosecutor in Columbus, Kansas; (2) Hope Brittain, a

prosecutor's assistant in Columbus, Kansas; (3) Forrest Lowry, an attorney in private practice in Ottawa, Kansas; (4) Sara Beezley, an attorney in private practice in Girard, Kansas; (5) Oliver Kent Lynch, a state district judge in Columbus, Kansas,; (6) Stanton Hazlett, the former Kansas attorney disciplinary administrator; (7) Sharon Baird, an assistant disciplinary administrator; (8) Kansas Attorney General Derek Schmidt; (9) the State of Kansas; (10) Captain (fnu) Scott, of Wichita, Kansas; (11) Sgt. (fnu) Torres, of Wichita, Kansas; (12) LaDell Turley, a court reporter, of Columbus, Kansas; (13) Capt. Michelle Tippie, of Columbus, Kansas; (14) Frederick Smith, an attorney in Pittsburg, Kansas; (15) Robert Fleming, a state district judge in Columbus, Kansas; (16) Nathan Coleman, a prosecutor in Columbus, Kansas; and (17) James Campbell, an attorney in Burlington, Kansas.

In Count 1, plaintiff claims his First Amendment right of access to the court was violated when defendant Turley altered court minutes in September 2018 and April 2019. He claims this was done at the direction of defendant Conard and/or defendant Lynch and was intended to make it appear that defendant Lowry did not switch sides and advocate for defendant Conard. He states that defendant Turley changed questions and answers and omitted other questions.

In Count 2, plaintiff claims violations of the Sixth Amendment, the attorney-client privilege, and state statutes, alleging that defendant Lowry, after terminating his attorney-client relationship with plaintiff, gave his defense file to defendants Conard, Coleman, and Brittain, and conspired with defendants Conard and Lynch to purposely expose materials related to the plaintiff's defense.

In Count 3, plaintiff claims violations of the Sixth and Fourteenth Amendments occurred when defendant Conard accepted the defense file from defendant Lowry. He claims defendants Conard and Brittain then searched through the file and conspired with Sheriff Groves, defendant Tippie and a County Commissioner to steal DVDs related to two other civil rights actions brought by plaintiff and pending in the District of Kansas.

In Count 4, plaintiff claims violations of the Sixth Amendment and the attorney-client relationship by defendant Beezley, alleging she conspired with defendants Lynch and Conard to deprive plaintiff of his constitutional rights. He also claims that on April 9, 2019, she withheld exculpatory evidence and testimony to aid the state prosecutor in concealing his misconduct of reading through

confidential materials in the defense case file.

In Count 5, plaintiff claims violations of the Fifth and Sixth Amendments. He appears to challenge an April 2019 ruling by defendant Lynch that it is legal for prosecutors to receive and inventory attorney-client case files and log the contents. He claims that defendant Schmidt has been notified of this practice but has taken no action to investigate it.

In Count 6, plaintiff claims violations of the Fifth and Sixth Amendments "due to being placed in segregation at least 50 times" without his legal work. He claims this is done to allow defendant Tippie to go through his legal work and copy his letters. He also claims that in December 2019, defendant Coleman had defendants Scott and Torres illegally seize and search his attorney-client file.

In Count 7, plaintiff claims violations of the First and Fourteenth Amendments. He states that he filed a complaint with defendant Baird alleging attorney misconduct by defendants Lowry, Beezley, and Conard. He states that defendant Baird refused the complaints, and he claims that defendants Baird and Hazlett have denied him access to the courts.

In Count 8, plaintiff claims a violation of the Sixth Amendment, stating that defendant Fleming "has engaged several attorneys…to conspire against their client Brian Waterman as well as Conard and Coleman." (Doc. 46, p. 20).

(Doc. 52, pp. 1-4.)

### The order to show cause

The order to show cause directed plaintiff to explain why four of the defendants named in the second amended complaint should not be dismissed. The four defendants are Stanton Hazlett, the former Kansas attorney disciplinary administrator; Sharon Baird, an assistant disciplinary administrator; Derek Schmidt, the Kansas Attorney General; and the State of Kansas.

The court has reviewed the response and finds no ground to allow this action to proceed against these four defendants. First, as the court explained in the order to show cause, it does not have

supervisory authority over the Office of the Disciplinary Administrator, and plaintiff's dissatisfaction with the outcome of his attempts to seek disciplinary review of several Kansas attorneys does not state a claim of a constitutional violation. Although plaintiff now argues that the decisions of the Office of the Disciplinary Administrator denied him access to the court, he has not presented a viable claim that is supported by the law or by any specific facts. The court will dismiss defendants Hazlett and Baird.

Next, while the amended complaint appeared to complain that Attorney General Schmidt failed to take action on plaintiff's complaints concerning discovery in his state criminal action, plaintiff now contends that 5.1 and 28 U.S.C. § 2403 were violated. Federal Rule of Civil Procedure 5.1 provides:

> A Party that files a pleading, written motion, or other paper drawing into question the constitutionality of a federal or state statute must promptly: (1) file a notice of constitutional question stating the question and identifying the paper that raises it, if: (A) a federal statute is questioned and the parties do not include the United States, one of its agencies, or one of its officers or employees in an official capacity; ... and (2) serve the notice and paper on the Attorney General of the United States if a federal statute is questioned ... either by certified or registered mail or by sending it to an electronic address designated by the attorney general for this purpose.

Fed. R. Civ. P. 5.1(a)(1)(A).

The Court must then "certify to the appropriate attorney general that a statute has been questioned." Fed. R. Civ. P. 5.1(b). The attorney general is then provided with 60 days after the notice is filed to intervene unless the Court sets a later time. Fed. R. Civ. P. 5.1(c). In addition, 28 U.S.C. § 2403(a) provides:

> In any action, suit or proceeding in a court of the United States to which the United States or any agency, officer or employee thereof is not a party, wherein the constitutionality of any Act of Congress affecting the public interest is drawn in question, the court shall certify such fact to the Attorney General, and shall permit the United States to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality. The United States shall, subject to the applicable provisions of law, have all the rights of a party and be subject to all liabilities of a party as to court costs to the extent necessary for a proper presentation of the facts and law relating to the question of constitutionality.

28 U.S.C. § 2403(a).

The court has examined the record and finds that the claim in question involves a discovery ruling made in plaintiff's state court criminal case[1]. Likewise, aside from the claim concerning the disciplinary complaints, the plaintiff's claims against the remaining defendants all appear to implicate the criminal matter to some degree. Plaintiff's remaining claims assert violations of access to the courts, interference with official court documents, ineffective assistance of counsel, interference with his legal work and attorney-client files, and conspiracy involving a state district judge and attorneys.

Under *Heck v. Humphrey*, when a state prisoner seeks damages in a lawsuit under § 1983, his complaint must be dismissed where a judgment in his favor would necessarily imply the invalidity of his conviction or sentence, unless the plaintiff can show that the

---

[1] In November 2021, plaintiff was convicted by a jury of attempted first-degree murder, aggravated kidnapping, and aggravated burglary. He was sentenced in January 2022 to a term of 36 years in prison. Plaintiff's direct appeal is pending before the Kansas Court of Appeals, in Case No. 124725, *State of Kansas v. Brian Michael Waterman*.

conviction or sentence has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The principles underlying *Heck* are "pragmatic concerns with avoiding parallel criminal and civil litigation over the same subject matter and the related possibility of conflicting civil and criminal judgments." *McDonough v. Smith*, 139 S.Ct. 2149, 2157 (2019). "The purpose behind *Heck* is to prevent litigants from using a § 1983 action, with its more lenient pleading rules, to challenge their conviction or sentence without complying with the more stringent exhaustion requirements for habeas actions." *Butler v. Compton*, 482 F.3d 1277, 1279 (10th Cir. 2007) (citing *Muhammad v. Close*, 540 U.S. 749, 751-52 (2004)).

The Supreme Court has explained that "a state prisoner's § 1983 action is barred (absent prior invalidation) no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit ... if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). *See, e.g., Goodwin v. Weiser*, 2021 WL 5231962 (10th Cir. Nov. 10, 2021)(attack on constitutionality of criminal statute was attack on the plaintiff's conviction); *Holly v. Gotcher*, 427 F. App'x 634, 636 (10th Cir. 2011) (plaintiff's claim of ineffective assistance of counsel found to "implicitly question the validity of his convictions."); *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995) (plaintiff's claim that "defendants unconstitutionally conspired to

convict him of crimes he did not commit" was barred by *Heck*) (quoting *Heck*, 512 U.S. at 487); *Greenfield v. Galaviz*, No. CIV-21-839-R, 2022 WL 1143325 (W.D. Okla. Apr. 18, 2022)(plaintiff's claims that "prosecutors and judge have violated his due process rights by changing information in his indictment, issuing false rulings, slandering the Plaintiff, and violating statutes" barred by *Heck*).

Accordingly, the court concludes that while plaintiff's claims against defendants Hazlett and Baird must be dismissed for failure to state a claim for relief, his remaining claims must be dismissed without prejudice under *Heck*.

Finally, the court denies plaintiff's pending motion to file a third amended complaint. The proposed amendments would add claims of retaliation alleging an attorney withheld evidence of plaintiff's innocence, that a district court clerk improperly conspired with prosecutors in the processing of plaintiff's motion to recuse the trial judge, and a separate conspiracy among the same parties and an additional prosecutor to interfere with jury selection. All of these claims are barred by *Heck*, and therefore the proposed amendment of the complaint is futile.

IT IS, THEREFORE, BY THE COURT ORDERED the court lifts the stay in this matter.

IT IS FURTHER ORDERED plaintiff's claims against defendants Hazlett and Baird identified in Count 7 are dismissed with prejudice.

IT IS FURTHER ORDERED plaintiff's claims identified in Counts

1-6 and Count 8 are dismissed without prejudice.

IT IS FURTHER ORDERED plaintiff's motion to amend the complaint (Doc. 54) is denied.

DATED:  This 5th day of May, 2022, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge